# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BENNETT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-164-GPM |
| ROGER E. WALKER, JR., *et al.*, | ) ) ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. The habeas action is before this Court pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (hereinafter referred to as "the Habeas Rules"). Also before the Court is Petitioner's motion for leave to file exhibits (Doc. 10). The motion to file exhibits (Doc. 10) is **GRANTED**.

### THE PETITION

Following a jury trial in the Circuit Court of Cook County, Illinois, Petitioner was convicted of possession of a stolen motor vehicle over $25,000. On October 15, 2002, Petitioner was sentenced to 15 years' imprisonment by the state trial court.

At some point, Petitioner discovered that, in addition to his 15-year prison sentence, he was also subject to a 2-year mandatory supervised release (MSR) requirement. *See* 730 ILCS § 5/5-8-1(d)(1). Petitioner asserts that the MSR impermissibly increases his 15-year sentence beyond the

statutorily allowed maximum and, therefore, violates his constitutional rights.

Additionally, Petitioner challenges the loss of good time credits he suffered as a result of two disciplinary actions taken against him in December 2004. On December 13, 2004, Petitioner was cited for possessing dangerous contraband (Rule 104) and contraband (Rule 308) after a six inch long, one-half inch wide metal slat was found in his property box. On December 15, 2008, while confined in segregation (on the contraband citations), Petitioner was cited for "601– Aiding and Abetting, Attempt, Solicitation, or Conspiracy to 105– Dangerous Disturbances, 206– Intimidation or Threats and 304-Insolence" (Petitioner's Exh. C), after yelling to other inmates in the segregation unit that there were no black inmates working in the segregation unit. Petitioner contends that he was denied due process of law in connection with these disciplinary actions.

Petitioner contends that when he is afforded all of the "day for day" good time credits to which he entitled,[1] *see* 730 ILCS § 5/3-6-3, he is entitled to immediate release to MSR.[2]

**DISCUSSION**

Rule 4 of the Habeas Rules provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon review of the petition and exhibits, the Court notes that it asserts claims identical those raised in Petitioner's prior habeas corpus petition filed in this Court, *Bennett v. Walker,* Civil No. 3:07-794-GPM.

---

[1]That is, for each day of good behavior Petitioner serves in prison, he receives one day of good time credit, which, effectively, can reduce his prison sentence in half.

[2]Petitioner contends that his prison sentence is actually just 13 years – that is, 15 years maximum minus the 2 years MSR. Consequently, Petitioner contends that one-half of his prison sentence is only 6 years and 6 months (one-half of 13 years), not 7 years and 6 months (one-half of 15 years).

In that case, the Court recently dismissed Petitioner's MSR claim, with prejudice, after finding that the allegations supporting the claim did not rise to the level of a constitutional violation. The Court dismissed Petitioner's good time credit claim, without prejudice, noting that Petitioner had not exhausted his available state remedies. The instant MSR and good time credit claims should be dismissed under the same conditions as the MSR and good time credit claims were dismissed in the earlier-filed case. The Court's reasons for dismissing the instant claims are exactly the same as its reasons for dismissing the MSR and good time credit claims in the related case. These reasons are discussed, in far more detail, in the other case and need not be restated with the same level of detail here.

**CONCLUSION**

Petitioner's MSR claim is **DISMISSED** on the merits. Petitioner's good time credits claim is **DISMISSED** without prejudice for failing to exhaust his available state remedies. The Clerk of Court is **DIRECTED** to **close** this case on the Court's docket. Finally, as it is clear that Petitioner is not entitled to relief, his motion for temporary restraining order and preliminary injunction (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

DATED: 06/11/2008

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge